UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NICHOLE P., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 3:20-CV-152-JVB |

**OPINION AND ORDER**

Plaintiff Nichole P. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings or an award of benefits. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's application for benefits, she alleged that she became disabled on May 29, 2017. After a hearing in 2018, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of lumbar degenerative disc disease, an obese body habitus, epicondylitis, and fibromyalgia syndrome. The ALJ determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except the claimant can never climb ladders, ropes, or scaffolds, crouch, kneel, or crawl but she can occasionally climb ramps and stairs, balance, and stoop. The claimant can frequently reach[ ] in front and laterally with right (dominant) upper extremity; the claimant is limited to occasional overhead reaching with bilateral upper extremities. The claimant can tolerate occasional exposure to extreme cold, wetness and/or humidity, wet, slippery or uneven walking surfaces, and hazards such as moving mechanical parts or unprotected heights.

(AR 21 (footnote omitted)). The ALJ found that, in light of Plaintiff's RFC, Plaintiff is able to perform the representative occupations of marker, cashier, and counter clerk. Therefore the ALJ

found Plaintiff to be not disabled from May 29, 2017, through the date of the decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ's decision should be reversed because the ALJ improperly dismissed valid testing and opinion evidence and relied on opinion evidence that was not supported

2

by the complete record and because the Commissioner did not carry his burden of showing that Plaintiff can perform work in the national economy.

Plaintiff's primary care physician, Dr. Glenn Wheet, upon being asked to provide his medical opinion on Plaintiff's limitations, ordered a functional capacity evaluation (FCE). (AR 589-90). The evaluation was performed by a physical therapist. (AR 905-16). After the FCE was performed, Dr. Wheet provided his medical opinion on Plaintiff's limitations. (AR 917-19).

The ALJ wrote that she was "not persuaded" by the FCE. She stated her reasons as (1) no prior observations from Dr. Wheet suggested that Plaintiff could not sit two hours, stand one hour, or walk less than one hour; (2) the longitudinal medical record did not show that Plaintiff needed a cane or the ability to alternate positions; (3) Plaintiff did not receive medical care at a rate that would suggest work-preclusive symptoms; and (4) Dr. Wheet opined that Plaintiff's limitations were present since 2012, which appears contradictory to the fact that Plaintiff worked until midway through 2017.

The first three of these reasons are suspect. Regarding the first two reasons, it appears that Dr. Wheet did not consider himself to have sufficient knowledge to provide a medical opinion as to Plaintiff's limitations, so he ordered the FCE to gather the information he needed, after which he provided the requested opinion. That is, Dr. Wheet did not consider the longitudinal medical record to provide sufficient information for him to be able to give a medical opinion on Plaintiff's limitations, so the fact that the record does not indicate the fullness of Plaintiff's limitations as opined by Dr. Wheet is consistent with his referral for the FCE and his reliance on the FCE in forming his medical opinion.[1] Further, Plaintiff testified at her hearing that her symptoms had

---

[1] Though the ALJ makes much of the "longitudinal record" in evaluating Dr. Wheet's opinion, she had no qualms with the opinions of the non-treating, non-examining state agency physicians who had no access to materials entering Plaintiff's medical records after December 14, 2017, (the date the latter of the two opinions was signed), so these opinions were given without the benefit of the last year of Plaintiff's "longitudinal record," during which Plaintiff's

3

worsened, which supports the severity of her limitations being more extensive at the FCE than her medical record indicated several months prior. (AR 54-56).

As to the third reason, the ALJ found that Plaintiff "did not require medical care at the frequency with which one could equate that her symptoms would preclude her from being at work." (AR 24). In so doing, the ALJ substituted her lay understanding for that of a trained medical professional. She is not permitted to do so. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) "[A]dministrative law judges of the Social Security Administration[] must be careful not to succumb to the temptation to play doctor. . . . Common sense can mislead; lay intuitions about medical phenomena are often wrong."); *see also e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

The fourth reason (regarding Plaintiff's work history during a time that Dr. Wheet opined Plaintiff's limitations would be work-preclusive) may have some merit, but with the other three reasons being in error, the Court cannot say that the ALJ provided a logical bridge from the evidence to her conclusions. Remand is required due to the ALJ's treatment of the FCE and Dr. Wheet's subsequent medical opinion.

Other errors were made in the ALJ's analysis. In bolstering her decision to discount Dr. Wheet's opinion, the ALJ noted that Plaintiff complained to Dr. Wheet of upper extremity limitations but "the following week another clinician failed to note any painful or anxious distress." (AR 22). The ALJ failed to mention that this "other clinician" was Plaintiff's gynecological

---

symptoms, according to her testimony, worsened. (AR 54-56). Notably, none of Dr. Wheet's records of Plaintiff's treatment were available for the consultative physicians' reviews, as they were not added to the record until shortly before the administrative hearing in late 2018. (AR 37-38, 294; *accord* AR 113-14).

oncologist. Presumably, this clinician was seeing Plaintiff (who had had cervical cancer) for purposes far afield from Plaintiff's upper extremity issues, so the absence of discussion on this point is of little relevance.

Additionally, the ALJ ignored the agency's own consultative examiner, Dr. R. Gupta, who found that Plaintiff "has difficulty doing work related activities such as sitting, standing, walking, lifting, carrying and handling objects due to low back and knee pain." (AR 485). The ALJ decided that this was not a formal opinion on Plaintiff's functional capacity. (AR 23). However, the regulations provide that a medical opinion is

> a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:
>
> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions.

20 CFR § 404.1513(a)(2)(i). By the Social Security Administration's own regulations, Dr. Gupta gave a medical opinion. On remand, it should not be dismissed as not being a medical opinion.

Plaintiff also argues that the Commissioner did not meet his burden at step five of the sequential process, but because remand is necessary on other grounds the Court need not address that argument further.

Though Plaintiff requests an award of benefits, that remedy is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). In this case, remand, not an immediate award of benefits, is required.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief of remand requested in Plaintiffs Social Security Opening Brief in Support of Judgment or Remand to the Commissioner [DE 7], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **DENIES** the request for an award of benefits. If this matter is set for an administrative hearing on remand, the Court suggests that assignment to a different ALJ would be appropriate.

SO ORDERED on March 5, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT